# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-50222
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMAR EDUARDO MORENO,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
(EP-95-CR-359)

December 13, 1996

Before POLITZ, Chief Judge, JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

Convicted on a guilty plea of carjacking and use of a firearm during a crime

of violence, Omar Eduardo Moreno appeals his sentence, contending that the

district court erred by increasing his base offense level seven levels for the

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

discharge of a firearm.  We agree, vacate Moreno's sentence, and remand for resentencing.

## Background

Moreno pled guilty to carjacking[1] and was sentenced to 210 months imprisonment, based on U.S.S.G. § 2B3.1 which establishes a 20-point base offense level for robbery.  The district court's computation was increased by seven levels because a firearm was discharged during the course of the carjacking.[2]  In addition, Moreno pled guilty to use of a firearm during a crime of violence[3] and was sentenced to 60 months imprisonment.[4]  Moreno contends that the district court improperly increased his base offense level for carjacking to account for the discharge of a firearm while simultaneously imposing the mandatory sentence for use of a firearm during a crime of violence.

## Analysis

A challenge to the district court's application of the sentencing guidelines is reviewed *de novo*.  Our review is limited to the inquiry whether the sentence was

---

[1] 18 U.S.C. § 2119.

[2] U.S.S.G. § 2B3.1(b)(2)(A).

[3] 18 U.S.C. § 924(c)(1).

[4]See U.S.S.G. § 2K2.4 and 18 U.S.C. § 924(c)(1).

imposed in violation of law or as a result of an incorrect application of the sentencing guidelines.[5] Under the sentencing guidelines the court may not enhance the base offense level for an underlying offense because of the use of a firearm and simultaneously impose the mandatory consecutive sentence for use of that firearm.[6]

The district court sentenced Moreno to the mandatory sentence for use of a firearm during a crime of violence. The court also increased the base offense level for carjacking because Moreno discharged a firearm during the course of the carjacking. This constitutes impermissible "double counting" and is an incorrect application of the sentencing guidelines. We therefore must VACATE the sentence imposed and REMAND for resentencing.

---

[5]**United States v. Thomas**, 963 F.2d 63 (5th Cir. 1992).

[6]See U.S.S.G. § 2K2.4(a) and Application Note 2 to § 2K2.4 ("Where a sentence under [section 2K2.4] is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the . . . use . . . of [a] firearm (e.g., § 2B3.1(b)(2)(A)-(F) (Robbery)) is not to be applied in respect to the guideline for the underlying offense.").